UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CORY B. LANGE, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Cause No. 4:20-cv-160-RLM-DML |
| v. ) | |
| ) | |
| ANCHOR GLASS CONTAINER ) | |
| CORPORATION, ) | |
| ) | |
| *Defendant* ) | |

OPINION AND ORDER

The court granted summary judgment in favor of Anchor on September 30, 2022. Anchor has filed a motion for a bill of costs, seeking $1,766.85 in expenses. [Doc. No. 88]. Mr. Lange timely objected. [Doc. No. 93]. For the following reasons, the court overrules Mr. Lange's objection and grants Anchor's motion.

Federal Rule of Civil Procedure 54(d) provides that, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Under Rule 54(d)(1), there is a "presumption in favor of awarding costs to the prevailing party." Baker v. Lindgren, 856 F.3d 498, 502 (7th Cir. 2017) (citation omitted). "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." Smart v. Local 702 Int'l Bhd. of Elec. Workers, 573 F.3d 523, 525 (7th Cir. 2009) (citation omitted). Anchor is the prevailing party because the court ruled in its favor by granting its summary judgment motion. *See* Republic Tobacco Co. v. N.

1

Atl. Trading Co., 481 F.3d 442, 447 (7th Cir. 2007). This means Anchor has a right to file a bill of costs seeking reimbursement for certain expenses.

Courts have substantial discretion when determining fee awards under Federal Rule of Civil Procedure 54(d). Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Moriarty ex rel. Local Union No. 727 v. Svec, 429 F.3d 710, 717 (7th Cir. 2005). "[T]he losing party bears the burden of an affirmative showing that the taxed costs are not appropriate." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005) (citation omitted). Costs are appropriate even if there is a financial disparity between the parties. Reed v. Int'l Union of United Auto., Aerospace, & Agric. Implement Workers, Local Union No. 663 of the United Auto. Workers of Am., 945 F.2d 198, 204 (7th Cir. 1991).

Anchor seeks reimbursement for the costs of Ms. Petty's and Mr. Lange's deposition transcripts. Mr. Lange disputes the costs requested for his deposition—he asserts that Anchor can't recover for both the original transcript and a copy. Mr. Lange seems to argue that having a copy wasn't necessary to litigating this case. The court may award "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" as well as for "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4). Courts routinely award the costs of obtaining deposition copies. *See, e.g.*, Alexander v. CIT Tech. Fin. Servs., Inc., 222 F. Supp. 2d 1087 (N.D. Ill.

2

2002). Mr. Lange hasn't explained why he thinks receiving a copy was inappropriate in this case, so the court overrules his objection.

Mr. Lange also asks the court to delay ruling on Anchor's motion for its bill of costs until after his appeal concludes. But "a district court may award costs even while the substantive appeal is pending." Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260 (7th Cir. 1994) (citations omitted). Accordingly, the court won't delay in ruling on Anchor's motion.

For the foregoing reasons, the court overrules Mr. Lange's objection to Anchor's motion for its bill of costs and grants $1,766.85 in costs to Anchor. [Doc. No. 88].

SO ORDERED.

ENTERED: November 3, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution to all counsel of record via CM/ECF