UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CORY B. LANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00160-TWP-KMB |
| ) | |
| ANCHOR GLASS CONTAINER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on several pending motions. In addition to filing Motions *in Limine* (Filing No. 143), Defendant Anchor Glass Container Corporation ("Anchor Glass") has filed a Motion to Exclude Witness (Filing No. 141), Motion for Separation of Non-Party Witnesses (Filing No. 147), Motion for Leave to Preserve Non-Party Testimony (Filing No. 149), as well as various objections to several of Plaintiff Cory B. Lange's ("Lange") pretrial filings (Filing No. 151, Filing No. 152, Filing No. 153). The lawsuit concerns Lange's claim that Anchor Glass' refusal to hire him was unlawful racial discrimination. This case is scheduled for trial on August 26, 2024. The Court makes the following rulings in advance of the final pretrial conference scheduled for July 31, 2024. For the reasons explained below, the Motions are **granted in part, denied in part, and some remain under advisement**.

**I. MOTIONS *IN LIMINE* AND TO EXCLUDE WITNESS ROMANIUK (FILING NO. 143, FILING NO. 141)**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in limine only if the evidence clearly is not admissible for

any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. A trial judge does not bind herself by ruling on a motion in limine and "may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Anchor Glass requests evidentiary rulings that limit and exclude testimony and evidence related to the following sixteen (16) matters: A) references to other lawsuits, Equal Employment Opportunity Commission ("EEOC") charges, or administrative claims in which Anchor Glass has been named a party or defendant; B) testimony from Jennifer Romaniuk on any matter; C) testimony from Brad Lange on matters not based on personal knowledge; D) testimony from Terron Gregg, Vinnie Cooper, Liam Curtin, Sherrie Gifford, and Eric Gosmeyer on any matter; E) documents or testimony relating to Lange's alleged diagnoses, therapy, counseling, medical or psychological conditions, and medical treatment; F) references to this case's procedural history; G) speculative testimony and witness testimony lacking evidentiary basis and not based on personal knowledge; H) hearsay testimony and documents; I) evidence, argument, or comments concerning Lange's emotional distress caused by this litigation; J) evidence of front or back pay; K) evidence or argument concerning punitive damages; L) evidence of settlement offers and negotiations; M) references to liability insurance; N) evidence of Anchor Glass' net worth and references to the relative size or wealth of the parties, including any comments that characterize this case as one involving an individual against a large corporation; O) requests that the jury stand

in Lange's shoes; and P) evidence that Anchor Glass made the instant motions *in limine* and that the Court granted or denied them in any part. On July 26, 2024, Lange filed his response (Filing No. 148). The Court will address each request in turn.

A.      **The motion *in limine* regarding references to other lawsuits, EEOC charges, or administrative claims involving Anchor Glass** is **granted**. Arguing that any attempt to introduce evidence of other proceedings would lack probative value and be substantially outweighed by unfair prejudice, Anchor Glass maintains that introducing such other claims and litigation would invite a "trial within a trial" (Filing No. 144 at 2 (citing for example *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990) (upholding trial court's decision to exclude evidence of another employee's termination)). "Any such purported 'me too' evidence should be excluded as irrelevant and highly prejudicial." *Id.* (citing in part Federal Rule of Evidence 403).

 Lange responds that he does not intend to offer any evidence or argument of the kind referenced but states there is "no need for Defendant's Motion on these issues, and no need for the Court to issue any Pre-trial Order …". (Filing No. 148 at 1.)

The Court believes that a pretrial ruling is helpful. In-depth questioning, argument, and evidence regarding other proceedings has a strong potential to be confusing, misleading, and wasteful of time. If Lange believe that evidence of this nature becomes relevant and admissible for some purposes at trial, he may request an evidentiary hearing outside the presence of the jury.

B.      **The motion *in limine* regarding Jennifer Romaniuk** ("Romaniuk") is **granted in part and denied in part,** and Anchor Glass' Motion to exclude her as a witness (Filing No. 141) is **denied**. Anchor Glass makes the same arguments in its Motion *in Limine* regarding Romaniuk's testimony and Motion to Exclude her as a witness: the attorney-client privilege and work-product

protections bar Romaniuk from testifying about Anchor Glass' "statements to the EEOC" (Filing No. 141 at 1 (*citing* Filing No. 137 at 1)).

Romaniuk is an attorney and the author of Anchor Glass' Position Statement, submitted in response to Lange's EEOC Charge. Needing to defend itself from Lange's Charge of Discrimination (the "Charge") with the EEOC, Anchor Glass hired the law firm at which Romaniuk practiced at the time. She conducted a factual investigation into the allegations against Anchor Glass and prepared the company's Position Statement. As a result, Anchor Glass contends that any information, communications, or documents Romaniuk may have from factually investigating the EEOC Charge or preparing Anchor Glass' Position Statement is protected as communications made in confidence for the purpose of obtaining legal advice from an attorney acting in a legal capacity. It further maintains that the work-product protection — which applies to attorney-led investigations when the documents at issue "can fairly be said to have been prepared or obtained because of the prospect of litigation", *id.* at 3 (quoting *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010)) — similarly protects these documents from disclosure. Anchor Glass additionally asserts that Romaniuk lacks personal knowledge of any facts relevant to Lange's discrimination claim and does not meet the requirements for a lay opinion witness, *i.e.*, that her testimony be based on her personal observations and not be within a specialized, scientific, or technical field. *See id.* at 4.

Lange responds that Romaniuk's testimony is, if needed, only for the purposes of authenticating and securing the admissibility of the Position Statement and the accompanying exhibits. As to admissibility, an employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements for its challenged decision. *See Frazier v. Ind. Dep't of Labor*, No. IP 01-198-C-T/K,

2003 WL 21254567, at *4 (S.D. Ind. Mar. 24, 2003). The Court agrees that Lange may need to address the reasons Anchor Glass has provided in not hiring him, and thus, to prove pretext, he should be allowed to offer the position statement into evidence.

In its Motion to Exclude, Anchor Glass has agreed that it will stipulate to the authenticity of its Position Statement. As such, the Court understands that the parties may stipulate that Anchor Glass' Position Statement has been authenticated, as well as any accompanying exhibits submitted to the EEOC as part of its statement. The parties potential stipulation would obviate Langes need to call Romaniuk as a witness at trial.

The Court agrees with Anchor Glass that Romaniuk freely testifying about the preparation of the position statement, or the undertaken factual investigations would venture into territory that would likely violate privilege. Accordingly, the motion *in limine* is **granted** with respect to any information, communications, or documents Romaniuk may have from factually investigating the Charge or preparing Anchor Glass' Position Statement. The motion *in limine* is **denied** as to testimony offered for the purposes of authenticating and securing the admissibility of the Position Statement and the accompanying exhibits.

Romaniuk's Motion to Exclude Romaniuk as a witness, (Filing No. 141), is **denied** as she may offer limited testimony in the event the parties do not reach a stipulation regarding authentication and admissibility of the Position Statement and the accompanying exhibits.

**C.    The motion *in limine* regarding testimony from Brad Lange** ("Brad") is **denied**. Anchor Glass argues that Brad, Lange's brother and an hourly, non-management employee of Anchor Glass, is not competent to testify on its policies, procedures, compensation, and benefit structures, and hiring of employees with criminal backgrounds. It maintains that he lacks personal knowledge of the aforementioned policies, procedures, and compensation and benefit structures

and he lacks authority to hire employees or play any role in the hiring process. Anchor Glass contends that Brad's testimony is impermissible hearsay to the extent he would offer testimony about other employees' statements, and that any such testimony would confuse the jury and unduly prejudice the company.

Under Federal Rule of Evidence 602, a witness may only testify to a matter of which he or she has personal knowledge. Evidence to prove personal knowledge may consist of the witness' own testimony. At this point, the Court lacks any basis upon which to make a pretrial determination about Brad's personal knowledge or the relevance that testimony may have to the many factual issues that could arise. Such determinations are better made in the context of trial, where the substance of the challenged testimony is known. Accordingly, the Court **denies** Anchor Glass' motion *in limine* for pretrial exclusion of Brad as a witness.

**D.** **The motion *in limine* regarding testimony from Terron Gregg, Vinnie Cooper, Liam Curtin, Sherrie Gifford, and Eric Gosmeyer** is **denied** for the same reasons as Anchor Glass' request as to Brad. The Court will make determinations about these witnesses' competence or the relevancy or prejudice of their testimony to Anchor Glass at trial.

**E. and F.** **The pair of motions *in limine* relating first to documents, and secondly to testimony, concerning Lange's diagnoses, therapy, counseling, medical or psychological conditions, and medical treatment** is **denied in part and granted in part**. Anticipating that Lange will seek admission of his therapy records, Anchor Glass asks the Court to exclude such records for a variety of reasons, including that they are irrelevant, unauthenticated, and contain suggestions that Anchor Glass or its decision in not hiring him caused Lange's mental health conditions, which the company criticizes as rank speculation. Without citation to the record, Anchor Glass specifically targets certain documents that are Bates-stamped as "Plaintiff 0104–

0126", dated from 2021 (three years after denial of Lange's application), and facially refer to "stress caused by excessive overtime at his then-current job at another employer and not to any alleged discrimination or anything having to do with Anchor Glass." (Filing No. 144 at 9.)

Having reviewed the final exhibit list filed by Lange (Filing No. 128), as well as the list of trial exhibits located in his trial brief (Filing No. 137), the Court finds no mention of such therapy records. Exhibits that the parties seek to introduce or rely upon at trial would need to appear in both of those lists. To the extent such records appear as part of or within a document or set of documents explicitly listed in Lange's pretrial filings, and he intends to use them, the Court finds it best to assess their admissibility in the context of trial. If necessary, the Court can also determine whether Lange has opened the door for Anchor Glass' use of the records at that time. Accordingly, this portion of the motion is **denied**.

Anchor Glass similarly extends its argument to testimony about the same diagnoses, medical conditions, and medical treatment, pointing out that Lange is not an expert witness. Moreover, testimony about what he had been told by any medical providers would be hearsay. Federal Rule of Civil Procedure 702 limits expert opinions at trial to only witnesses who are qualified by knowledge, skill, experience, training, or education. Federal Rule of Civil Procedure 26, as well as the parties' case management plan, requires those witnesses to have been disclosed as witnesses to offer expert opinions, well ahead of trial. At this stage, no expert medical testimony is anticipated.

At the same time, Lange is permitted to testify about his personal knowledge of his own medical conditions and any physical symptoms he experiences to the extent he can otherwise prove the unlawful action by Anchor Glass of refusing to hire him caused such conditions and symptoms. *See* Fed. R. Evid. 602. He is further allowed to testify as to his own opinions based on personal

experiences and perceptions. *See* Fed. R. Evid. 701. Anchor Glass may object at trial to specific testimony if it is irrelevant or unduly prejudicial, *see* Fed. R. Evid. 401 and 403, based on scientific, technical, or specialized knowledge, *see* Fed. R. Evid. 702, or if it amounts to inadmissible hearsay. *See* Fed. R. Evid. 801 and 802.

Accordingly, Anchor Glass' Motion is **granted in part** such that Lange cannot present expert testimony and must adhere to Federal Rule of Evidence 701 as a lay witness. Anchor Glass' request is **denied in part** as it relates to the scope of testimony Lange is permitted to testify to, described above.

G. **The motion *in limine* regarding references to this case's procedural history** is **granted**. Anchor Glass asks the Court to prohibit any reference to any summary judgment briefing, oral argument on summary judgment, the Court's order on summary judgment, appellate briefing, oral argument in the Seventh Circuit, and the Seventh Circuit's opinion. Based on the differing burdens of proof required at trial and at the summary judgment stage and considering the jury's role, the Court determines that it would be unduly prejudicial and irrelevant to present evidence or argument regarding the Seventh Circuit's opinion in this case and the related procedural history of the case.

H. **The motion *in limine* regarding speculative testimony** is **granted in part and denied in part**. Anticipating that Lange will seek to admit purely speculative testimony, Anchor Glass urges the Court to bar any such evidence at the outset. As indicated previously, Rule 602 allows witnesses to testify only if they have personal knowledge. At this time it is unclear to the Court what testimony Lange may seek to offer from which witnesses, and Anchor Glass' blanket request to preclude all such evidence is too broad to allow the Court to rule on the admissibility of such evidence. Accordingly, the request is **granted** to the limited extent that at the trial the Court will adhere to the Federal Rules of Evidence and disallow testimony that lacks an evidentiary basis or

is not based on personal knowledge.  It is **denied** as to any other relief sought.  Should Lange seek to present evidence at trial that Anchor Glass finds improperly speculative, Anchor Glass may raise contemporaneous objections at that time.

I.      **The motion *in limine* regarding hearsay testimony and documents** is **granted in part and denied in part**.  Anchor Glass argues that any testimony or documents that are hearsay should be excluded as inadmissible at the outset of the trial ([Filing No. 144 at 11](#)–12 (citing Fed. R. Evid. 801 and 802)).  Anchor Glass' blanket request to preclude all such evidence is too broad to allow the Court to rule on the admissibility of such evidence.  Accordingly, the request is **granted** to the limited extent that at the trial the Court will adhere to the Federal Rules of Evidence, the hearsay rules and applicable exceptions.  *See* Fed. R. Evid. 801, 802, 803, and 804.  It is **denied** as to any other relief sought.  Should Lange seek to present evidence in this category at the trial, Anchor Glass may raise contemporaneous objections at that time.

J.      **The motion *in limine* regarding evidence, argument, or comments concerning Lange's emotional distress** caused by this litigation is **granted**.  Anchor Glass asserts that any evidence that this litigation caused or contributed to Lange's emotional distress or that otherwise suggests to the jury litigation is a difficult experience should not be factored into an award of damages.  "It would be strange if stress induced by litigation could be attributed in law to the tortfeasor.  An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages."  *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983); *see also Miller v. Polaris Labs., LLC*, No. 1:11-cv-01004-TWP-DML, 2016 WL 1639087, at *4 (S.D. Ind. Apr. 26, 2016).  The Court grants Anchor Glass' request to prohibit evidence relating to emotional distress caused by Lange's litigation with Anchor Glass.

K.	**The motion *in limine* regarding evidence of front or back pay** is **granted**.  The Seventh Circuit Court has previously observed:

> Back pay and front pay are equitable remedies to be decided by the Court, not a jury.  *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500–01 (7th Cir. 2000).  Under similar circumstances, courts have barred evidence of back pay and front pay at trial.  *See, e.g.*, *Williams v. Lovchik*, 2012 U.S. Dist. LEXIS 99657, 2012 WL 2930773 (S.D. Ind. July 18, 2012); *Tompkins v. Eckerd*, 2012 U.S. Dist. LEXIS 46718, 2012 WL 1110069 (D.S.C. April 3, 2012); *Dixon v. Don Allen Auto City*, 2009 U.S. Dist. LEXIS 579, 2009 WL 5118855 (W.D. Pa. Jan. 7, 2009).

In line with this approach, the Court grants Anchor Glass' request to prohibit testimony and evidence concerning back pay and front pay.  The Court will hold in abeyance its determination regarding Lange's entitlement to back pay and front pay until after the jury resolves issues of liability.

L.	**The motion *in limine* regarding punitive damages** is **denied**.  Anchor Glass argues that Lange should be prohibited from seeking punitive damages, which are appropriate when an employer engages in a discriminatory practice with malice or with reckless indifference to the plaintiff's federally protected rights.  42 U.S.C. § 1981a(b)(1).  Anchor Glass cites to *Cooke v. Stefani Mgmt. Svc., Inc.*, 250 F.3d 564 (7th Cir. 2001) (finding that without knowledge of the harasser's conduct, "there is nothing [defendant employer] could have done — beyond the general policies and training it did provide — to ensure compliance with Title VII").  At this pretrial stage, the Court cannot conclude that punitive damages argument and evidence must be excluded because there are underlying claims with possible damages that have been adequately disclosed, which in turn could support punitive damages.  Therefore, the blanket request to exclude any and all argument and evidence regarding punitive damages is **denied**.

M.	**The motion *in limine* regarding evidence of Anchor Glass' net worth** is **granted**.  Anchor Glass points out that the Seventh Circuit has stated that a "corporate defendant's net worth is irrelevant to the assessment of punitive damages against it." S*ee Zazu Designs v. L'Oreal, S.A.*,

979 F.2d 499, 508-09 (7th Cir. 1992). Lange does not dispute that Anchor Glass' net worth is not relevant evidence and asserts that he does not intend to offer any evidence or argument of the kind referenced and states there is "no need for Defendant's Motion on these issues, and no need for the Court to issue any Pre-trial Order …". (Filing No. 148 at 1).

**N.     The motion *in limine* regarding evidence of settlement offers or negotiations** is **granted**.  Under Federal Rule of Evidence 408, evidence of "furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim" is inadmissible on behalf of any party to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.

Accordingly, the parties should not attempt to elicit such testimony or evidence about any settlement agreement offers or negotiations.  If Lange believes evidence relating to the settlement agreement is relevant or admissible and offered for a non-prohibited purpose permitted by Rule 408(b), he should request a hearing outside the presence of the jury for a ruling regarding admissibility.

**O.     The motion *in limine* regarding references to liability insurance** is **granted**.  Based on Federal Rule of Evidence 411, Anchor Glass asks the Court to prohibit any reference to liability insurance maintained by Anchor Glass.  Rule 411 explains, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.  But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."  Once again, Lange asserts that he does not intend to offer any evidence or argument of the kind referenced and states there is "no need for Defendant's Motion on these issues, and no need for the Court to issue any Pre-trial

11

Order …". (Filing No. 148 at 1.) The Court believes a pretrial ruling is helpful. Lange may not make any reference to liability insurance maintained by Anchor Glass in an attempt to prove fault or that Anchor Glass acted otherwise wrongfully. If Lange believes that evidence of this nature is relevant in the context of trial, he may raise the appropriate motion outside the presence of the jury.

**P.      The motions *in limine* regarding "David" and "Goliath" Evidence is granted**. Anchor Glass argues that this Court should preclude Lange from presenting evidence that characterizes this case as one involving an individual against a large corporation. Specifically, Anchor Glass seeks to preclude Lange,

> …from making any comment or reference to Anchor Glass's size or wealth, or the relative size or wealth of the parties, including any comments or references that characterize this case as one involving an individual against a large corporation. Similarly, direct or indirect references to Anchor Glass's ability to pay a judgment, ability to afford counsel, the number of attorneys appearing on behalf of Anchor Glass, costs of defense, the number of attorneys or offices of Anchor Glass's counsel, the clothes or jewelry worn by counsel, staff and witnesses, the nature or number of trial exhibits, demonstrative exhibits, witness fees, or any inference that this is a "David and Goliath" situation, should be precluded. *See Borders v. Arch Aluminum & Glass Co., Inc.*, Case No. 07-2188-JPO, 2008 WL 5427711 at **2-3 (D. Kan. Dec. 30, 2008) (excluding David and Goliath comments and references to defense counsel). Any such reference would be irrelevant or any possible probative value would be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. Fed. R. Evid. 402 and 403.

(Filing No. 144 at 16–17.) Responding to this request, Lange maintains he has never announced an intention to offer any evidence or argument of the kind referenced, and he does not do so now (Filing No. 148 at 1–2). If Lange believes that evidence of this nature is relevant in the context of trial, he may raise the appropriate motion outside the presence of the jury.

**Q.      The motion *in limine* regarding requests that the jury stand in Lange's shoes is granted**. Anchor Glass requests this Court

preclude Lange and his counsel from asking the jury to stand in Lange's shoes. Such an argument is known as the "golden rule" argument and is impermissible. *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (golden rule argument "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." (quoting *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989))). *See also Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (plaintiff's golden rule remark "clearly improper").

(Filing No. 144 at 17.)  Anchor Glass' position is well taken and supported by case law, so the Court **grants** this request, and no party may present "Golden Rule" arguments during trial.

R.      **Finally, the motion *in limine* regarding evidence about the instant motions *in limine***

is **granted**.  Anchor Glass requests that the Court prohibit any reference to its Motion in Limine during trial because such would be irrelevant, pointing to Federal Rules of Evidence 401 and 403 and *Wilson v. Williams*, 182 F.3d 562 (7th Cir. 1999).  In his response, Lange maintains he has never announced an intention to offer any evidence or argument of the kind referenced, and he does not do so now (Filing No. 148 at 1–2).  Both parties are to refrain from referring to the motions *in limine* and a party's attempt to offer evidence or argument that is prohibited by this Order will be made outside the presence of the jury.

II.    **MOTION FOR SEPARATION OF NON-PARTY WITNESSES (FILING NO. 147)**

Citing Federal Rule of Evidence 615, and Section VIII(B)(4) of the Case Management Plan (Filing No. 14), Anchor Glass moves the Court to separate all non-party witnesses in the trial of this matter.  The Motion is **granted.** The parties are to instruct their witnesses to report to the witness room in the New Albany Courthouse.  The parties also are to instruct their witnesses to not discuss their testimony with others either before or after it is given.

III.   **MOTION FOR LEAVE TO PRESERVE NON-PARTY TESTIMONY (FILING NO. 149)**

Anchor Glass moves the Court for leave to offer and admit into evidence at trial the sworn testimony of fact witness Mr. Malcolm Whiting, Anchor Glass' Human Resources Manager in

13

2004 (Filing No. 150-1 at 2) when Lange was previously employed at the company (Filing No. 150-2 at 5).  Citing Federal Rule of Civil Procedure 32(a), Anchor Glass seeks permission for a short, videotaped trial deposition to be taken and its use be allowed "for any purpose at trial." (Filing No. 150 at 2.)  Alternatively, Anchor Glass indicates it may seek to introduce Mr. Whiting's affidavit under Federal Rule of Evidence 803(24).  *Id*.

Although Mr. Whiting was absent from Anchor Glass' preliminary witness list (Filing No. 18), he was listed on the company's final witness list (Filing No. 131 at 2).  The Court further recognizes that Mr. Whiting is an "unavailable witness" for purposes of trial, as his affidavit demonstrates he is unavailable to travel from his home in Alabama (Filing No. 150-1 at 3, ¶ 11). Lange has not had an opportunity to respond to this motion; accordingly, the Court takes the Motion for Leave to Preserve Non-Party Testimony **under advisement**, and the parties should be prepared to discuss it at the upcoming final pretrial conference.

### IV.  OBJECTIONS TO LANGE'S PRETRIAL FILINGS (FILING NO. 151, FILING NO. 152, FILING NO. 153)

Anchor Glass objects to various jury instructions filed by Lange (Filing No. 151 (citing Filing No. 137)) and *voir dire* questions (Filing No. 152 (citing Filing No. 137)).  These objections will be discussed during the final pre-trial conference.

Anchor Glass' "Motion for Ruling on Objections to Plaintiff's Trial Exhibits" (Filing No. 153) was titled as a motion rather than as objections to Lange's trial exhibits.  The filing explains Anchor Glass' objections to four exhibits.  The Court and parties will discuss the objections during the final pretrial conference.

### V.  CONCLUSION

For the foregoing reasons, Anchor Glass' Motion to Exclude Jennifer Romaniuk (Filing No. 141) is **DENIED**; their Motions in Limine (Filing No. 143) are **GRANTED in part and**

**DENIED in part** as specifically outlined above.  Anchor Glass' Motion for Separation of Non-Party Witnesses (Filing No. 147) is **GRANTED**, and its Motion for Leave to Preserve Non-Party Testimony (Filing No. 149) remains **under advisement**.  Anchor Glass' specific objections found at Filing No. 151, Filing No. 152, and Filing No. 153, to Lange's jury instructions, *voir dire* questions, and exhibits, respectively, will be addressed at the final pretrial conference.

  **SO ORDERED**.

Date:  7/30/2024

                     Hon. Tanya Walton Pratt, Chief Judge
                     United States District Court
                     Southern District of Indiana

DISTRIBUTION:

Grant E. Swartzentruber
SWARTZENTRUBER BROWN, ATTORNEYS AT LAW LLC
grant@swartzentruberlaw.com

Stephen E. Imm
FINNEY LAW FIRM, LLC
stephen@finneylawfirm.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
christopher.murray@ogletree.com

Ellen Pactor
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ellen.pactor@ogletree.com