UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CORY B. LANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00160-TWP-KMB |
| | ) |
| ANCHOR GLASS CONTAINER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON ORAL MOTION *IN LIMINE***

The Court makes the following rulings on Defendant Anchor Glass Container Corporation's oral Motion *in Limine*:

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in limine only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

Attorneys can invoke a motion *in limine* in the midst of a case if they hear a testimony that is inaccurate or exaggerated. *See, e.g.*, *Reeves v. Fed. Reserve Bank of Chicago*, No. 00 C 5048, 2004 WL 742248, at *7 (N.D. Ill. Apr. 6, 2004) (precluding lay witness in employment discrimination case from offering "unsupported speculation" as to why co-worker was promoted); *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F. Supp. 2d 928, 938–40 (N.D. Ill. 2009) (excluding damages evidence as "overly speculative"). Motions *in limine* can be used to prevent the introduction of evidence that is irrelevant, unreliable, or more prejudicial than probative. *See CSX Transp., Inc. v. Total Grain Marketing, LLC*, No. 11-cv-0171, 2014 WL

642293, at *1 (S.D. Ill. Feb. 19, 2014) ("The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial, thereby avoiding the injection of irrelevant, prejudicial or immaterial matters.") (citing Fed. R. Civ. Evid. 104(a); and *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).

The Court has excluded evidence concerning the dates of employment termination for Robert Wetzler and Dustin Allen. That evidence is that Wetzler was hired on May 18, 2015 and terminated on May 19, 2015, and Allen was hired on May 18, 2015 and terminated on June 9, 2015.

Because there is no evidence before the jury as to when or why the employment of Wetzler and Allen ended, the Court limits any argument that Wetzler or Allen remained employed despite having criminal convictions. The only acceptable argument is that Wetzler and Allen were hired by Anchor Glass on a certain date. Parties may argue that there is no evidence before the jury as to the length of Wetzler's or Allen's employment or evidence that Anchor Glass was aware of the convictions at the time when Wetzler or Allen were hired.

**SO ORDERED.**

Date: 8/30/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Diana L. Emerson
FINNEY LAW FIRM, LLC
diana@finneylawfirm.com

Grant E. Swartzentruber
SWARTZENTRUBER BROWN, ATTORNEYS AT LAW LLC
grant@swartzentruberlaw.com

Stephen E. Imm
FINNEY LAW FIRM, LLC
stephen@finneylawfirm.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
christopher.murray@ogletree.com

Ellen Pactor
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ellen.pactor@ogletree.com