UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CORY B. LANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00160-TWP-KMB |
| ) | |
| ANCHOR GLASS CONTAINER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY
ON THE ISSUE OF ATTORNEY'S FEES**

Presently pending before the Court is Plaintiff's Motion for Discovery on the Issue of Attorney's Fees. [Dkt. 302.] For the reasons explained below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.  BACKGROUND**

This case has a lengthy procedural history, which includes both an appeal to the Seventh Circuit Court of Appeals and a jury trial. The Court focuses here only on the limited facts relevant to Plaintiff's Motion for Discovery on the Issue of Attorney's Fees. [Dkt. 302.]

In August 2024, Plaintiff Cory B. Lange obtained a jury verdict in his favor on one count of race discrimination under Title VII of the Civil Rights Act ("Title VII"). [Dkt. 207.] Plaintiff's claims for front pay, back pay, and any other equitable relief were to be decided via bench trial in January 2025, but Plaintiff voluntarily dismissed those claims shortly before trial. [Dkt. 269.] Since those claims were all that remained, the Court entered a final judgement in favor of Plaintiff and against Defendant Anchor Glass Container Corporation ("Anchor"). [Dkt. 270.]

Plaintiff thereafter filed a fee petition under 42 U.S.C. § 2000e-5(k), which permits the prevailing party in a Title VII action to receive reasonable attorney's fees and costs. [Dkt. 277.] Plaintiff requests $416,940.38 in attorney's fees and expenses and $9,342.36 in costs. [*Id.*] Defendant objects to Plaintiff's fee petition on several grounds, most notably that: (1) Plaintiff's lead counsel claimed an unreasonable hourly rate of $595.00 per hour; (2) Plaintiff was not successful in claims for instatement, back pay, and front pay and thus should not receive fees for work on these issues; and (3) several of Plaintiff's counsel's "time entries are often unreasonable and excessive." [Dkt. 301 at 11, 19, 22.]

Before Plaintiff's reply was due, Plaintiff filed the Motion for Discovery on the Issue of Attorney's Fees, requesting "the billing rates, staffing, and hours expended by Defendant's counsel in this litigation." [Dkt. 302 at 1.] Plaintiff argues that Defendant's response to his fee petition challenges "both the hourly rates charged by Plaintiff's counsel and the number of hours billed," which should "open the door to comparison with Defendant's own legal bills." [*Id.* at 3.]

Defendant opposes Plaintiff's Motion for Discovery on multiple bases. [Dkt. 304.] Defendant first contends that discovery closed long ago and should not be reopened. [*Id.* at 3.] Defendant also maintains that its counsel's legal bills and hourly rates are not relevant to Plaintiff's fee motion. [*Id.* at 5.] Lastly, Defendant argues that Plaintiff's requested discovery is disproportionate to the needs of resolving Plaintiff's fee petition. [*Id.* at 11.] Nevertheless, Defendant submitted a declaration revealing that its lead counsel's hourly rate in this case was $345 per hour. [Dkt. 304-3.]

In his reply, Plaintiff argues that he meets the standard for reopening discovery under Federal Rule of Civil Procedure 16(b), and he reiterates that Defendant's legal bills and hourly rates are relevant and proportional to the needs of the case. [Dkt. 305.] Regarding Defendant's

2

lead counsel's disclosure of his hourly rate, Plaintiff notes that the disclosed rate was insurance adjusted; thus, Plaintiff expands his discovery request to include "the normal and customary rates charged by Defendant's personnel when insurance is not involved." [*Id.* at 9.]

## II. DISCUSSION

The Court first addresses the Parties' threshold dispute regarding whether discovery should be reopened. After concluding that it should, the Court then turns to the Parties' specific discovery disputes.

### A. Reopening Discovery

Defendant argues that Plaintiff has not shown the good cause necessary to reopen discovery under Federal Rule of Civil Procedure 16(b)(4), since Plaintiff had the opportunity to pursue fee-related discovery before the discovery deadline. [Dkt. 304 at 3-5.] Plaintiff maintains that because discovery closed years before the issues of attorney's fee arose and the billing records sought became relevant, his request meets the standard for reopening discovery on this issue. [Dkt. 305 at 2-4.] Given the lengthy history of the case, there have been multiple discovery deadlines set. For the purposes of this motion, however, it is only relevant that all the various discovery deadlines have long since passed.

When a party seeks to amend a case deadline after the deadline to do so has passed, the "good-cause standard" from Rule 16(b)(4) applies. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted). The Seventh Circuit has consistently held that the "central consideration in assessing whether good cause exists [under Rule 16(b)(4)] is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022).

Critical to assessing Plaintiff's diligence here is whether the information he now seeks—Defendant's counsel's legal bills—would have been previously discoverable before discovery

3

closed. District courts "have almost universally held that when a statute provides attorneys' fees for a prevailing party, fee arrangements and expenses are not discoverable until liability is established." *V5 Techs. V. Switch, Ltd.*, 334 F.R.D. 306, 310 (D. Nev. Dec. 20, 2019) (quoting *Am. Civil Rights Union v. Martinez-Rivera*, 2015 U.S. Dist. LEXIS 192324, at *5 (W.D. Tex. Sept. 10, 2025)). Attorney-fee information is not discoverable until then because it is "not part of the claims or defenses at issue in a case." *Stevens v. DeWitt Cty.*, 2013 U.S. Dist. LEXIS 30381, at *4-5 (C.D. Ill. Mar. 6, 2013).

Not only were Defendant's counsel's legal bills not discoverable until after liability was established at the jury trial in August 2024, as discussed in further detail below, Defendant's counsel's legal bills and hourly rate were not relevant until Defendant's specific objections to Plaintiff's fee petition. Defendant made those objections on April 14, 2025, [dkt. 301], and Plaintiff filed the Motion for Discovery two days later, [dkt. 302]. This timing demonstrates that Plaintiff moved to reopen discovery as soon as practicable. By seeking this information as soon as it was relevant, Plaintiff acted diligently and established the good cause necessary to reopen discovery under Rule 16(b)(4).

### B. Discovery Sought

The Court next turns to the specific discovery Plaintiff seeks. Plaintiff requests discovery regarding two categories of attorney-fee information: (1) the complete billing records of Defendant's counsel, showing the hours billed for the specific legal tasks undertaken during this litigation (the "time entries"); and (2) the hourly rates charged by Defendant's counsel in this litigation. [Dkt. 302 at 1-3.] Defendant objects to producing both categories of information. [Dkt. 304 at 5-17.] After setting forth the applicable law regarding discoverability of opposing counsel's legal bills, the Court will address each category of evidence Plaintiff seeks.

4

As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "An opposing party's attorney fee information is not automatically relevant under Rule 26, even when the opposing party disputes an attorney's fee request." *Thomas v. Shoshone Trucking, LLC*, 2023 U.S. Dist. LEXIS 29971, at *6 (S.D. Ind. Feb. 23, 2023), Case No. 4:20-cv-00209-TWP-KMB, Dkt. 133 at 5. However, "the attorney bills of the opposing party often can provide evidence relevant for evaluating that party's objections to the [moving party's fee] petition." *Fulmore v. Home Depot U.S.A., Inc.*, 2007 U.S. Dist. LEXIS 31658, at *3 (S.D. Ind. Apr. 27, 2007). "Such disclosure can [also] discourage hypocritical objections to the petition." *Id.*

Ultimately, "[t]he relevance of the [opposing party's attorney bills] depends on the particular issues raised by the opposing party's opposition to the fee petition." *Fulmore*, 2007 U.S. LEXIS, at *3-4; *see Ruppert v. Alliant Energy Cash Balance Pension Plan*, 2012 U.S. Dist. LEXIS 199128, at *4 (W.D. Wis. Oct. 22, 2012) (holding that "opposing counsel's hours and rates generally are discoverable in the context of a fee petition, but their relevance in a particular case may be limited"). "If the opposing party contends that the petitioning party's attorneys over-staffed the case or spent unreasonable amounts of time on particular tasks, the opposing party's own attorney bills will ordinarily be highly relevant." *Fulmore*, 2007 U.S. LEXIS, at *4. On the other hand, if the opposing parties' attorney bills would not shed any additional light on the opposing party's objections to the fee petitions, the Court need not permit discovery under Rule 26(b). *See Thomas*, 2023 U.S. LEXIS 29971, at *8-14; *Fulmore*, 2007 U.S. 31658, at *6. At bottom, the relevance of the opposing party's attorney bills is a "context-specific inquiry." *Thomas*, 2023 U.S. LEXIS 29971, at *7; *see Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 659 (7th Cir. 1985) (holding that a district court did not abuse its discretion by denying plaintiff's motion to

compel discovery of the hours worked by defendant's counsel, "without suggesting that the [district] court would have erred by compelling discovery").

Notably, the Northern District of Illinois has adopted a local rule requiring production of the opposing party's legal bills if an agreement between the parties cannot be reached on a plaintiff's fee petition. *See* N.D. Ill. Local Rule 54.3(d)(5). The Seventh Circuit Court of Appeals has explained that the purpose of the rule is to dissuade defendants from making "hypocritical objections" to plaintiffs' fee petitions. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006). Although this District does not have an analogous local rule, judges in the Northern District of Illinois often consider the opposing party's counsel's legal bills when assessing the reasonableness of the moving party's requested fees, which illustrates how the comparison can often be relevant. *See, e.g.*, *Motorola Solutions, Inc. v. Hytera Communications Corp. Ltd.*, 2021 WL 12139698, at *6 (N.D. Ill. Oct. 15, 2021); *Valerio v. Total Taxi Repair & Body Shop, LLC*, 82 F.Supp.3d 723, 744 (N.D. Ill. 2015).

1. *Number of Hours Billed by Defendant's Counsel*

Plaintiff seeks discovery of Defendant's counsel's time entries in this litigation. [Dkt. 302 at 1; Dkt. 305 at 7.] Defendant argues that its counsel's time entries generally lack relevance, and the specific objections it made to Plaintiff's fee petition do not otherwise make Defendant's counsel's time entries relevant. [Dkt. 304 at 6-10, 13-17.] In reply, Plaintiff argues that Defendant's objections to the fee petition "explicitly place at issue the amount of time reasonably required to litigate this case" because Defendant "argues at length that Plaintiff's counsel spent excessive time on key litigation tasks." [Dkt. 305 at 7.] Plaintiff contends that "Defendant cannot object to Plaintiff's time entries as excessive and then shield its own records that would provide a direct and objective basis for comparison." [*Id.*]

6

a. <u>Relevance</u>

Because "[t]he relevance of [the opposing party's legal bills] depends on the particular issues raised by the opposing party's opposition to the fee petition," *Fulmore*, 2007 U.S. LEXIS, at *3-4, the Court's analysis begins with Defendant's opposition to Plaintiff's fee petition. Defendant opposes Plaintiff's fee petition on three grounds. The Court need only address the first because it is sufficient to establish the relevance of Defendant's counsel's time entries.[1] Specifically, Defendant argues that Plaintiff's requested fees are, "as a general matter, . . . often unreasonable and excessive." [Dkt. 301 at 22.] Defendant then sets forth several specific examples of purportedly unreasonable time entries, including: work on the Complaint (9.75 hours), research of "similarly situated employee" caselaw (17.4 hours), work on appellate opening and reply briefs (155.8 hours; 62.05 hours), research on oral argument requests (1.9 hours), and work on the fee petition (45.9 hours).[2] [*Id.* at 22-24.]

By challenging the reasonableness of the hours that Plaintiff's counsel spent on several specific litigation tasks, Defendant made the time its counsel spent on those tasks relevant. Although the amount of time opposing counsel spent on similar tasks during litigation is not determinative of whether the time spent by the moving counsel was reasonable, it is "highly

---

[1] Defendant's two other bases for contesting Plaintiff's fee petition are that (1) Plaintiff's lead counsel's hourly rate is unreasonable, which the Court discusses in further detail below, and (2) Plaintiff should not receive fees for certain claims that Plaintiff voluntarily dismissed. [Dkt. 301 at 11-21.]

[2] In opposition to Plaintiff's fee petition, Defendant also argues that Plaintiff's counsel's hours are unreasonable or excessive in that they include non-billable clerical tasks; duplicative and vague entries; block billed entries; entries billed in quarter-hour rather than tenth-hour increments; and that bill for local counsel fees when local counsel was not required. [Dkt. 301 at 24-25.] Because the Court concludes that Defendant's counsel's legal bills are relevant to the specific time objections, the Court need not discuss these other objections in detail. The Court emphasizes that it makes no determination at this time regarding the merits of Plaintiff's fee petition or Defendant's specific objections; rather, this Order is limited to the discovery issues presented by the Parties.

relevant." *Fulmore*, 2007 U.S. 31658, at *6. After all, Defendant's counsel's time entries will include time spent on some of the same or similar tasks that Defendant argues Plaintiff's counsel spent excessive or unreasonable time completing. For example, how much time Defendant's counsel spent drafting their appellate brief or researching "similarly situated employee" caselaw, would provide a relevant data point in determining whether Plaintiff's counsel spent a reasonable time on those same tasks.

It is true that, in some cases, prosecuting or defending a case can require materially different efforts, such that comparison between the hours expended by the opposing party's counsel could have limited value. *See Ohio-Sealy Mattress Mfg. Co.*, 776 F.2d at 659 (noting in the context of an antitrust case that "the task of defending a civil case may require more work than the task of prosecuting"). But a comparison of time spent on the same or similar specific tasks in this Title VII litigation would certainly shed light on—and thus be relevant to—evaluating the reasonableness of Plaintiff's counsel's time entries. It would additionally allow the Court to evaluate whether Defendant's objections to those time entries are "hypocritical." *Farfaras*, 433 F.3d at 569.

The Court's conclusion that Defendant's counsel's time entries are relevant to assessing Defendant's objections is supported by the reasoning of two decisions from this District on which both Parties rely. First, in *Thomas*, District Judge Tanya Walton Pratt found that the plaintiff's discovery request for "only the *total* number of hours billed by [the defendant's] attorneys [and] the total number of hours spent by those attorneys" was too "general" to "have any bearing" on the defendant's specific objections that the plaintiff's counsel "billed clearly excessive time for 'certain legal services.'" 2023 U.S. Dist. LEXIS 29971, at *9 (emphasis added). *Thomas* reasoned that, because the plaintiff was "not requesting detailed time records" with which to challenge the

8

specific objections made by the defendant, "the *total* number of hours billed by [the defendant's] attorneys [were] not relevant." *Id*. at *9, *11 (emphasis added).

Unlike the request in *Thomas* only for the total hours billed by defense counsel, here Plaintiff makes a specific request that was notably absent in *Thomas*—*i.e.*, for Defendant's counsel's detailed time records—so that he can challenge the specific objections made in Defendant's opposition to Plaintiff's fee petition. As Plaintiff explains, he requests Defendant's counsel's time entries "to use defense counsel's own efforts in the same litigation as a context-specific benchmark" to evaluate the reasonableness of Plaintiff's counsel's time spent on the same or similar litigation tasks. [Dkt. 305 at 5.] Thus, this case presents the exact scenario set forth by *Thomas* that makes an opposing counsel's time entries relevant.

Similarly, then District Judge David F. Hamilton's reasoning in *Fulmore* supports the conclusion that Defendant's counsel's times entries are relevant. In *Fulmore*, after noting "[t]he relevance of [the opposing party's legal bills] depends on the particular issues raised by the opposing party's opposition to the fee petition," Judge Hamilton evaluated the five objections the opposing party made to the fee petition at issue. 2007 U.S. Dist. LEXIS, at *4-10. *Fulmore* concluded that the opposing party's legal bills were entirely irrelevant to the first four objections. *Id*. at *5-7. Regarding the fifth objection, which concerned vague time entries, Judge Hamilton reviewed the plaintiff's counsel time entries and concluded that there was not a "systemic problem" with vagueness; thus, given that review, whatever "minimal light defendant's attorney bills might shed on these issues is not worth the expense and burden of additional discovery." *Id.* at *10 (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).

In this case, Defendant's opposition to Plaintiff's fee petition—that time entries regarding specific legal tasks were unreasonable and excessive—is not akin the generic vagueness challenge

9

addressed in *Fulmore* for which a comparison to the opposing counsel's legal bills would be only minimally relevant. Again, as *Fulmore* recognized, "[i]f the opposing party contends that the petitioning party's attorneys. . . spent unreasonable amounts of time on particular tasks, the opposing party's own attorney bills will ordinarily be highly relevant." *Id.* at *4. That is the precise case here. As explained above, whether Defendant's counsel spent a similar number of hours on similar tasks would be highly relevant to the Court's determination of whether Plaintiff's time entries regarding those tasks are unreasonable. Because Defendant put this at issue in opposing Plaintiff's fee petition, the Court finds that under the specific circumstances presented in this case, the information Plaintiff seeks regarding those time entries is relevant and discoverable.

b. Proportionality

Although the Parties primarily dispute the relevance of Defendant's counsel's time entries, Defendant also argues that, even if its counsel's time entries are relevant, allowing discovery of them is disproportionate to the needs of the case. [Dkt. 304 at 11-12.] Defendant points out that allowing this discovery would require former and current counsel to "review and potentially redact six years' worth of time entries," which is disproportionate given "the lack of relevance of this information." [*Id.* at 12.]

Plaintiff disagrees that his request is disproportionate to the needs of the case. [Dkt. 305 at 10.] He argues that he only seeks "an electronic copy of [Defendant's counsel's] time entries, redacting privileged content as needed," which is a "simple task." [*Id.*] Plaintiff contends that this task is not disproportionate given that he "seeks recovery of approximately half a million dollars in attorneys' fees incurred in this lengthy and intensively litigated case." [*Id.*]

To be discoverable, information must not only be relevant, but it must also be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court has wide discretion in balancing these factors and deciding the appropriate scope of proportional discovery. *See Thermal TDesign, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citations and quotations omitted) (emphasizing that district courts "enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case"). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *4 (S.D. Ind. Jan. 30, 2020).

The Court agrees with Plaintiff that discovery of Defendant's counsel's time entries is not disproportionate to the needs of resolving the issues before the Court. Applying straightforward privilege redactions and then electronically producing counsel's time entries is not an overly burdensome task when compared to their relevance on the issues presented. Plaintiff requests $416,940.38 in attorney's fees and expenses and $9,342.36 in costs. [Dkt. 277.] Based on Defendant's objections to the reasonableness of specific time entries alone, it asks the Court to significantly reduce more than $90,000 of Plaintiff's requested fee award. [Dkt. 301 at 26.] As explained above, Defendant's counsel's time entries are highly relevant to assessing the merits of these objections. Accordingly, after weighing the proportionality considerations set forth in Rule 26(b)(1), the Court concludes that permitting discovery of Defendant's counsel's time entries are proportional the needs of the case.[3]

---

[3] Plaintiff's reliance on *Thomas* to support its position on proportionality is misplaced. [Dkt. 304 at 12.] As discussed further below, *Thomas* concluded that allowing discovery of the defendant's counsel's *hourly rates* was not proportional to the needs of the case. 2023 U.S. Dist. LEXIS, at

11

### c. Defendant Must Produce Their Counsel's Time Records to Plaintiff

Ultimately, Defendant implicitly recognizes that its time entries are relevant to assessing the objections it made to Plaintiff's fee petition. Defendant states that discovery of opposing counsel's times entries is "a discretionary tool reserved for situations where the opposing party's own billing practices are directly relevant to the objections raised," and "courts . . . consistently emphasize that such discovery is only justified when the defendant's opposition to a fee petition specifically puts its own billing rates, staffing, or time expenditures at issue—such as by arguing that the [plaintiff's counsel] . . . spent unreasonable amounts of time on tasks that the defendant's own counsel also performed." [Dkt. 304 at 13.] This is the precise situation here. Accordingly, Defendant must produce its counsel's time entries that show the specific hours expended on the various litigation tasks in this case. The Court emphasizes that it makes no determination at this time regarding the merits of Plaintiff's fee petition or Defendant's specific objections; rather, this Order is limited to addressing the discovery issues presented by the Parties.

2. *Defendant's Counsel's Hourly Rate*

Plaintiff next seeks discovery of Defendant's counsel's "billing rates . . . in this litigation." [Dkt. 302 at 1.] Specifically, Plaintiff maintains that because Defendant, in response to Plaintiff's fee petition, objected to the hourly rate sought by Plaintiff's lead counsel, Stephen Imm, Defendant's counsel's own hourly rates "will allow Plaintiff to test the credibility of Defendant's objections and respond fully to the arguments raised." [*Id.* at 3.] In response, Defendant submitted

---

*13. But it did so because opposing counsel's hourly rate had, at best, "nominal usefulness," and would add more complexity to the issues presented by "inviting questions as to whether [defendant's] attorneys' services are themselves reasonable." *Id.* Here, unlike counsel's hourly rates in *Thomas*, the Court has described at length how Defendant's time entries are highly relevant to resolving the specific objections that Defendant raises in opposition to Plaintiff's fee petition.

a declaration by its lead counsel, Christopher Murray, that his "hourly rate billed throughout this litigation has been $345 per hour." [Dkt. 304-3 at 1.]

In reply, Plaintiff changes the nature of his discovery request. He contends that Mr. Murray's hourly rate of $345 per hour is irrelevant because it is insurance adjusted and, thus, requests "discovery concerning the normal and customary rates charged by Defendant's personnel when insurance is not involved." [Dkt. 305 at 9.]

The Court will first address Plaintiff's initial request for the billing rate of Defendant's counsel in this litigation before turning to Plaintiff's expanded request for the normal and customary rates charged by Defendant's counsel.

a. Defendant's Counsel's Rates in This Litigation

As an initial matter, the Court notes that Defendant has already provided the hourly rate charged by Defendant's lead counsel, Mr. Murray, in this litigation. Thus, any request for discovery regarding that hourly rate is moot. However, the Court construes Plaintiff's request for Defendant's counsel's hourly rate as encompassing all of Defendant's counsel who worked on this litigation, not just Mr. Murray.

As detailed above, whether the hourly rates of the Defendant's other counsel are discoverable "depends on the particular issues raised by the opposing party's opposition to the fee petition." *Fulmore*, 2007 U.S. LEXIS, at *3-4. To understand Plaintiff's fee petition and Defendant's objection to it, the Court must first set forth the legal standards governing such fee requests.

To calculate a reasonable attorney fee to which the prevailing party in a Title VII action is entitled, courts employ the lodestar method, which multiples the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckherhart*, 461 U.S. 424, 433 (1983); *Montanez*

13

*v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). Relevant here, a reasonable hourly rate is "derived from the market rate," and "[t]he best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Johnson v. GDF*, 668 F.3d 927, 933 (7th Cir. 2012) (citation and quotation marks omitted).

Defendant opposes the hourly rate requested by Mr. Imm in Plaintiff's fee petition of $595 per hour on three grounds: (1) there is no evidence that $595 per hour is Mr. Imm's actual rate that he charges to paying clients; (2) evidence shows Mr. Imm's actual rate in 2024 was $395 per hour; and (3) the declarations of other attorneys used to support Mr. Imm's requested hourly rate do not establish $595 per hour as an appropriate market rate. [Dkt. 301 at 11-19.]

Defendant's counsel's hourly rate is not relevant to these specific objections. The first two objections focus entirely on Mr. Imm's actual rate—a subject on which Defendant's counsel's hourly rates have no bearing. And the third objection focuses solely on the sufficiency of the declarations of other attorneys to establish $595 per hour as an appropriate market rate for Mr. Imm. As recognized in *Thomas*, Defendant's counsel's "hourly rates would hardly be useful in determining the sufficiency or persuasiveness of the[] affidavits" submitted by other attorneys in support of Plaintiff's counsel's requested hourly rate. 2023 U.S. Dist. LEXIS 29971, at *12.

Ultimately, it is the "fee applicant's burden to establish his or her market rate," *Johnson*, 668 F.3d at 933, and Defendant maintains that Plaintiff's fee petition fails to meet that burden. Plaintiff, of course, disagrees. But the hourly rates charged by Defendant's counsel will have no bearing on the Court's assessment of which party is correct on this issue.[4] Accordingly, because

---

[4] To the extent Plaintiff requests Defendant's counsel's hourly rates as evidence of the market rate, this would be "inviting questions as to whether [Defendant's counsel's] hourly rates are themselves reasonable, as well as questions as to whether [Defendant's counsel's] attorneys' services are similar enough to [Plaintiff's counsel's services] to allow for a useful comparison." *Thomas*, 2023 U.S. Dist. LEXIS 29971, at *13. Even if the evidence has "nominal usefulness . . . for such

the information sought is not relevant, the Court will not permit discovery regarding Defendant's counsel's hourly rates in this litigation to the extent not already disclosed by Defendant.

### b. Defendant's Counsel's Normal and Customary Rates

Plaintiff, for the first time in his reply, changes the nature of his discovery request with respect to Defendant's counsel's hourly rates. Instead of only focusing on Defendant's counsel's hourly rates in this litigation as initially requested, [dkt. 302 at 1], Plaintiff requests discovery regarding "the normal and customary rates charged by Defendant's personnel when insurance is not involved." [Dkt. 305 at 9.]

This Court has consistently held that the "purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Ratcliff v. TranStewart Trucking Inc.*, 684 F. Supp. 3d 845, 868 (S.D. Ind. 2023) (quoting *Lady Di's, Inc. v. Enhanced Serv. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010)). It undermines this purpose if arguments are raised for the first time in reply, which is why courts consistently hold that "arguments raised for the first time in a reply brief are waived." *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019). Accordingly, by raising this new discovery request for the first time in reply, Plaintiff waived it. *See Ruppert*, 2012 U.S. LEXIS 199128, at *5 (denying the plaintiffs' request for "defense counsel's 'customary' billing rates because plaintiffs did not include that in their original [discovery] request" in support of their fee petition). For these reasons, the Court will not permit Plaintiff's request for discovery into Defendant's counsel's customary rates.

---

purposes," the additional complexity it raises makes it disproportionate to the needs of the case and thus not discoverable. *Id.*

## III. CONCLUSION

Plaintiff's Motion for Discovery on the Issue of Attorney's Fees is **GRANTED IN PART** and **DENIED IN PART**. [Dkt. 302.] Plaintiff's motion is **GRANTED** to the extent that within **fourteen days from the date of this Order**, Defendant is **ORDERED** to produce its counsel's time entries showing the hours spent on the specific legal tasks undertaken. Defendant may appropriately redact any privileged information before production. Plaintiff's motion is **DENIED** to the extent that Defendant need not produce any further information regarding its counsel's hourly rate in this litigation or its counsel's normal or customary hourly rate. The Court emphasizes that it makes no determination at this time regarding the merits of Plaintiff's fee petition or Defendant's specific objections; rather, this Order is limited to addressing the discovery issues presented by the Parties.

The Court previously stayed briefing on Plaintiff's Motion for Attorney Fees, Expenses, and Costs until the instant discovery motion was resolved. [Dkt. 303.] Having now resolved that motion, the stay is **LIFTED**. Plaintiff shall have **twenty-one days from the date of this Order** to file his reply supporting his fee petition.

**SO ORDERED**.

Date: 10/23/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All electronically registered counsel via CM/ECF