UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CORY B. LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00160-TWP-KMB |
| | ) | |
| ANCHOR GLASS CONTAINER CORPORATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR CLARIFICATION**
**AND DENYING MOTION FOR RECONSIDERATION**

Presently pending before the Court is Defendant Anchor Glass Container Corporation's ("Anchor Glass") Motion for Clarification and Alternatively for Limited Reconsideration. [Dkt. 319.] Anchor Glass asks the Court to clarify or, in the alternative, reconsider a portion of the Court's recent Order (the "Order") requiring Anchor Glass to produce its counsel's time entries for this litigation. Plaintiff Cory B. Lange has responded, [dkt. 323], and Anchor Glass has replied, [dkt. 324]. The motion is now ripe for ruling.

For the reasons discussed herein, Anchor Glass's motion is **GRANTED** to the extent that the Court issues this Order clarifying its previous decision. Anchor Glass's motion to reconsider that decision is **DENIED**.

**I.    BACKGROUND**

The background necessary to understand the present motion is limited. After Mr. Lange obtained a jury verdict in his favor on one count of race discrimination under Title VII of the Civil Rights Act, he moved for attorney's fees and costs under 42 U.S.C. § 2000e-5(k). [Dkt. 277.] Anchor Glass responded to Mr. Lange's fee petition, arguing that certain of the requested fees were unreasonable or excessive. [Dkt. 301.] Before the reply deadline, Mr. Lange filed a Motion for

Discovery on the Issue of Attorney's Fees, in which he asked for "the billing rates, staffing and hours expended by [Anchor Glass's] counsel in this litigation." [Dkt. 302 at 1.] Anchor Glass opposed the motion on several grounds, including its contention that its attorneys' billing records are not relevant to determine the reasonableness of the attorneys' fees requested by Mr. Lange. [Dkt. 304 at 5-10.]

The Court granted in part and denied in part Mr. Lange's Motion for Discovery on the Issue of Attorney's Fees. [Dkt. 317.] The Court held that Mr. Lange met the standard to reopen discovery under Federal Rule of Civil Procedure 16(b)(4); that Anchor Glass's counsel's time entries were discoverable because they were relevant to the issues presented in the fee petition and proportional to the needs of the case; but that additional information not already produced regarding Anchor Glass's counsels' hourly rates was not discoverable. [Dkt. 317.] The Court ordered Anchor Glass "to produce its counsel's time entries showing the hours spent on the specific legal tasks undertaken" after "appropriately redact[ing] any privileged information." [Dkt. 317 at 16.]

## II.    STANDARD OF REVIEW

Anchor Glass's motion requesting clarification and reconsideration is governed by Federal Rule of Civil Procedure 54(b) because final judgment has not been entered in this case. *See* Fed. R. Civ. P. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Eli Lilly & Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *2-3 (S.D. Ind. Mar. 25, 2024). Rule 54(b) "motions are appropriate where the court has: (1) patently misunderstood a

party, (2) made a decision outside the adversarial issues presented to the court by the parties, or (3) made an error not of reasoning but of apprehension." *Freson v. Centerpoint Energy, Inc.*, 2020 WL 13574989, at *1 (S.D. Ind. Dec. 8, 2020). "A motion to reconsider is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Eli Lilly & Co.*, 2024 WL 1285713, at *3.

### III.    DISCUSSION

Anchor Glass's pending Motion for Clarification and Alternatively for Limited Reconsideration asks the Court to clarify or, in the alternative, reconsider whether it must produce all of its counsel's time entries or just the limited portions of the time entries the Court specifically discussed in the Order. [Dkt. 319.] The Court first addresses Anchor Glass's request for clarification.

#### A.    Motion for Clarification

Mr. Lange opposes Anchor Glass's motion, arguing that clarification is unnecessary because the Court's Order clearly required Anchor Glass to produce all of its counsels' time entries other than to the extent that privileged information may be redacted. [Dkt. 323 at 1.] Anchor Glass disagrees and maintains that the Court's Order "tied the potential relevance of [Anchor Glass's] counsels' time entries to [its] task-specific objections to [Mr. Lange's] fee request," thus Mr. Lange is wrong to simply treat "all of [Anchor Glass's] counsels' time entries [as] relevant." [Dkt. 324 at 2.]

To the extent clarification is necessary, the Court now again states that Anchor Glass must produce all of its counsels' time entries, with any privileged information appropriately redacted. Early in the Court's Order, the Court defined "time entries" to mean "*the complete billings records of [Anchor Glass's] counsel, showing the hours billed for the specific legal tasks undertaken during*

this litigation." [Dkt. 317 at 4 (emphasis added).] In the conclusion, the Court ordered Anchor Glass "to produce its counsel's time entries showing the hours spent on the specific legal tasks undertaken." [Dkt. 317 at 16.] Thus, the Court's Order requires Anchor Glass to produce its counsel's complete billing records, with any privileged information appropriately redacted.

      **B.**      **Motion for Reconsideration**

Anchor Glass asks the Court to reconsider its decision that Anchor Glass must produce all of its counsels' time entries. It argues that it should only have to produce the portions of its time entries relating to the six specific litigation tasks that were the focus of the Court's relevance analysis, contending that it is overly burdensome to require Anchor Glass to review and redact six years of time entries when much of the time entries are allegedly not relevant. [Dkt. 319 at 4.] Mr. Lange responds that Anchor Glass is simply asking the Court to review again issues it has already decided, noting that the Court's Order explicitly determined that Anchor Glass's counsels' time entries were both relevant and proportional to the needs of the case. [Dkt. 323 at 1.] In reply, Anchor Glass argues that Mr. Lange has not attempted to show how its time entries are relevant other than those specifically relating to the six specific litigation tasks that were the focus of the Order or explained how "the burden of producing *any* evidence that is not relevant is inherently undue and disproportional." [Dkt. 324 at 3 (original emphasis).]

The Court denies Anchor Glass's motion for reconsideration because Anchor Glass does not set out or otherwise attempt to explain how it meets the legal standards governing motions for reconsideration outlined above. In other words, Anchor Glass does not explain how the Court's decision was a manifest error of law or fact, *Eli Lilly & Co.*, 2024 WL 1285713, at *2-3, or assert that the Court "(1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the court by the parties, or (3) made an error not of reasoning but of

apprehension." *Freson*, 2020 WL 13574989, at *1. Anchor Glass's arguments instead focus on the relevance and proportionality of the discovery ordered by the Court, but those were issues thoroughly briefed and already decided in the Order at issue. [Dkt. 317 at 7-11.][1] Thus Anchor Glass does not set forth a valid basis for reconsideration. *Eli Lilly & Co.*, 2024 WL 1285713, at *3 ("A motion to reconsider is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier.").

In denying Anchor Glass's Motion for Reconsideration, two points are worth emphasizing. First, the Court's Order addressed the issues as they were presented by the Parties—namely, whether Anchor Glass's counsels' time entries as a whole were relevant and proportional to the needs of the case. Mr. Lange sought discovery of all of Anchor Glass's counsels' time entries, and Anchor Glass opposed that discovery request by arguing, among other things, that the time entries were irrelevant and that requiring production of them was disproportionate to the needs of the case. [*See* dkt. 304 at 5-17.] In other words, the Parties framed the discovery issue to the Court as being all or nothing. Anchor Glass's argument regarding proportionality in opposing discovery of its counsels' time entries illustrates this. It argued that disclosure of the time entries would require it to "review and potentially redact six years' worth of time entries," which is to say, if discovery is permitted, it would have to review all of its counsels' time entries. [*Id.* at 12.] Anchor Glass did not argue that if portions of its time entries were deemed relevant it should only have to produce

---

[1] The only caselaw cited by Anchor Glass in briefing the pending motion is a citation to a Texas state court case that comments on how ordering a party to produce all of its counsels' time entries could require the party to divulge privileged work product. [Dkt. 319 at 4 (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 803 (Tex. 2017)).] But this Court made clear in its Order that Anchor Glass "may appropriately redact any privileged information before production" of its counsels' time entries. [Dkt. 317 at 16.] Thus, the sole case cited by Anchor Glass is not applicable here.

certain portions of its counsels' time entries. Had that argument been presented, the Court would have addressed it in the Order. It was not.

Second, and relatedly, the Court addressed only the arguments raised by the Parties in the extensive briefing on the underlying discovery dispute. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("In our adversary system, . . . we rely on the parties to frame the issues for decision."). Without thorough briefing that includes the relevant facts and legal authorities, it is unclear whether partial withholding of Anchor Glass's counsels' time entries could even be appropriate, and it "is not th[e] court's responsibility to research and construct the parties' arguments."[2] *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392 397 (7th Cir. 2000) (citation and quotation marks omitted); *see Bregin v. Liquidebt Sys., Inc.*, 548 F.3d 533, 538 (7th Cir. 2008) ("[W]e decline to construct a party's argument."). Mr. Lange's discovery motion was essentially a request for documents pursuant to Federal Rule of Civil Procedure 34. Rule 34 "requires a party to produce or permit inspection of responsive *documents*, not just relevant information contained in those documents." *Coe v. Cross-Lines Retirement Center, Inc.*, 342 F.R.D. 539, 548 (D. Kan. 2022) (original emphasis). In other words, discoverable documents with relevant information often also contain irrelevant information, but it does not necessarily follow that the producing party must only produce the relevant portions. In fact, "[a] party seeking to redact information on otherwise discoverable documents, has the burden to show why its redactions are proper." *Id.*

---

[2] Had Anchor Glass made this argument the Court also would have had to address Anchor Glass's other objections to the fee petition that were not reached in the Order—specifically, Anchor Glass's contentions that Mr. Lange's counsels' "hours are unreasonable or excessive in that they include non-billable clerical tasks; duplicative and vague entries; block billed entries; entries billed in quarter-hour rather than tenth-hour increments; and that bill for local counsel fees when local counsel was not required." [Dkt. 317 at 7 n.2] It is possible that Anchor Glass's counsels' time entries are also relevant to assessing some of those objections. But the Court did not need to reach the question in the Order because it had already determined the times entries were relevant in assessing other objections, which resolved the issue of relevance as framed by the Parties.

(citation and quotation marks omitted)).  At a minimum, this shows that had Anchor Glass raised the argument it does now, it certainly would have been vigorously contested by Mr. Lange.  But Anchor Glass did not raise these issues in its briefing on the underlying discovery dispute and, thus, the Court did not address them.  It is not proper to raise arguments for the first time in a motion to reconsider that could have been raised earlier.  *See Eli Lilly & Co.*, 2024 WL 1285713, at *3.

Notably, and as discussed in the Court's prior Order, the Northern District of Illinois's Local Rules require a party opposing a fee petition that has not otherwise reached an agreement with the moving party to produce its counsels' time entries and hourly rates if those matters remain in dispute.  *See* N.D. Ill. Local Rule 54.3(d)(5).  In so requiring, the rule notes that by providing this information, "no party shall be deemed to make any admission or waive any argument about the relevance or effect of such information in determining an appropriate award."  *Id.*  Thus, that district's local rule implicitly recognizes that it requires disclosure of information that may not be relevant, but it also acknowledges that the disclosure is not a concession of relevance.  While that district's local rule in no way binds this Court, it is informative as to how discovery disputes on contested fee petitions may be handled and shows that this Court's ruling on the pending discovery dispute in this case is not unique.

For these reasons, the Court denies Anchor Glass's request for the Court to reconsider its prior Order.  Based on the specific facts of this case and the arguments presented by the Parties in the underlying motion, the Court again rules that Anchor Glass must produce its counsels' time entries in their entirety, subject to appropriate privilege redactions.  The Court emphasizes that this ruling expresses no view on the merits of Mr. Lange's underlying fee petition or the weight that should be given to any evidence in assessing the fee petition.

## IV. CONCLUSION

For these reasons, Anchor Glass's Motion for Clarification and Alternatively for Limited Reconsideration is **GRANTED IN PART** and **DENIED IN PART**. [Dkt. 319.] The request to clarify the Court's previous ruling is **GRANTED** to the extent the Court issues this decision, which again makes clear that Anchor Glass is required to produce all of its counsels' time entries from this litigation, subject to appropriate privilege redactions. Anchor Glass's request for the Court to reconsider this ruling is **DENIED**. The Court *sua sponte* extends Anchor Glass's deadline to make the required production to be **ten days from the date of this Order**. The Court *sua sponte* extends Mr. Lange's deadline to file a reply supporting his fee petition to be **twenty-one days from the date of this Order**. The Court does not anticipate extending these deadlines further, absent extraordinary circumstances.

    **SO ORDERED.**

Date: 11/17/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All counsel electronically registered via CM/ECF